UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-663-GCM
(3:01-cr-193-GCM-1)

| | |
|---|---|
| MICHAEL LAMONT POOLE, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (Doc. No. 1).

I.   **BACKGROUND**

Petitioner Michael Lamont Poole committed six separate bank robberies and on May 17, 2002, as to each robbery, he subsequently pled guilty in this Court to one count of bank robbery, 18 U.S.C. § 2113(a), one count of armed bank robbery, 18 U.S.C. § 2113(d), and one count of using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c). On March 19, 2003, this Court sentenced Petitioner to 188 months of imprisonment on each of the bank robbery counts, each to run concurrently with one another; to a seven-year sentence on the first § 924 count for one of the robberies; and to 25-year sentences on the remaining five § 924(c) counts, to run consecutively to one another and to all other counts. Judgment was entered on April 3, 2003. Petitioner appealed and on May 18, 2004, the Fourth Circuit Court of Appeals affirmed the conviction but vacated the six separate 188-month sentences for bank robbery, finding that the counts for bank robbery under § 2113(a) are lesser-included offenses of the counts for armed bank robbery under § 2113(d). United States v. Poole, 96 Fed. App'x 897 (4th

1

Cir. 2004). Petitioner did not file a petition for writ of certiorari with the Supreme Court.

On or around May 2, 2013, Petitioner placed the § 2255 petition in the prison system for mailing, and the petition was stamp-filed in this Court on May 6, 2013. In the petition, Petitioner alleges as the sole ground for relief that his attorney was ineffective during the plea bargaining process in violation of Missouri v. Frye, 132 S. Ct. 1399 (2012).

**II. STANDARD OF REVIEW**

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

**III. DISCUSSION**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, as noted, Petitioner was convicted on April 3, 2003. The Fourth Circuit Court of Appeals affirmed the conviction in part and vacated it in part on May 18, 2004, and Petitioner did not file a petition for writ of certiorari with the Supreme Court. Thus, Petitioner's conviction became final 90 days after May 18, 2004. See Clay v. United States, 537 U.S. 522 (2003). Because Petitioner did not file the petition until more than one year after his conviction became final, the petition is time-barred under 28 U.S.C. § 2255(f)(1).

Because the petition is time-barred under 28 U.S.C. § 2255(f)(1), Petitioner shall have twenty days in which to submit a memorandum to this Court explaining why his petition is timely under another provision of 2255(f) or, if not, the reasons for why the Court should apply equitable tolling. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The Court advises Petitioner that Missouri v. Frye has not been held to be retroactive on collateral review. Therefore, Petitioner cannot contend successfully that the petition is timely under 28 U.S.C. § 2255(f)(3).[1]

Finally, the Court notes that the petition is not filed on a form for § 2255 petitions and it is not signed under penalty of perjury. Thus, the Court will order Petitioner to re-submit the

---

[1] The Court further notes that Petitioner filed his petition in this Court on around May 2, 2013, but Frye was decided on March 21, 2012. Thus, even if Frye were to apply retroactively, the petition would still not be timely under § 2255(f)(3).

3

petition signed under penalty of perjury.

### IV. CONCLUSION

Petitioner shall have twenty days in which to submit a memorandum to this Court explaining why his petition is timely or, if not, the reasons for why the Court should apply equitable tolling. Petitioner must also re-submit his petition signed under penalty of perjury.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall have twenty (20) days from entry of this Order in which to submit a memorandum to this Court explaining why his petition is timely or, if not, the reasons for why the Court should apply equitable tolling. If Petitioner does not file a memorandum within twenty days the petition may be subject to dismissal without further notice.

2. Petitioner must also, within the same time limit, re-submit his petition signed under penalty of perjury.

Signed: June 17, 2014

Graham C. Mullen
United States District Judge

4